UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIRAM LEWIS,

       Plaintiff,                                 Hon. Janet T. Neff

v.                                                   Case No. 1:11 CV 499

TEAMSTERS LOCAL UNION NO. 406,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated the present action against Teamsters Local Union No. 406. The Honorable Janet T. Neff subsequently referred the matter to the undersigned for "handling of all matters under [28 U.S.C.] § 636(a) and 636(b)(1)(A) and for submission of recommendations on dispositive motions under § 636(b)(1)(B)." Defendant now moves to dismiss Plaintiff's complaint for failure to state a claim on which relief may be granted. (Dkt. #6). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this action **terminated**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. As of May 1, 2007, Plaintiff was employed by Coca-Cola of Grand Rapids ("Coca-Cola"). Plaintiff was also a member of Teamsters Local Union No. 406 ("Teamsters" or "the Union"). There existed between Coca-Cola and the Union a Collective Bargaining Agreement (CBA), pursuant to which Coca-Cola recognized the

Union "as the sole and exclusive bargaining agent for all employees of its Grand Rapids, Michigan facilities." On May 1, 2007, Plaintiff's employment was terminated by Coca-Cola.

The decision by Coca-Cola to terminate Plaintiff's employment was untimely pursuant to the terms of the collective bargaining agreement between Coca-Cola and the Union. Plaintiff unsuccessfully filed a grievance challenging his dismissal. Almost three years after an arbitrator rejected his grievance, Plaintiff initiated the present action against the Union alleging "breach of contract resulting in the wrongful termination of the Plaintiff." Defendant now moves to dismiss Plaintiff's claims on the ground that such fail to state a claim on which relief may be granted.

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

As the Supreme Court recently stated, a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's

liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 1949-50 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

**ANALYSIS**

Defendant asserts that Plaintiff's claim is subject to dismissal on the ground that Plaintiff failed to assert such within the relevant limitations period articulated by the National Labor Relations Act (NLRA). Plaintiff counters this argument by arguing that he is not asserting a claim under federal labor law, but is instead asserting a state law breach of contract claim. The Court, however, concludes that Plaintiff's claim, allegedly asserted under state law, is preempted by the NLRA. The Court further concludes that Plaintiff's claim is untimely and must, therefore, be dismissed.

Section 301(a) of the LMRA provides that claims "for violation of contracts between an employer and a labor organization. . .may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). The Supreme Court has observed that § 301 possesses an "unusually powerful pre-emptive force." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 7 (2003). As the Sixth Circuit has held, "Section 301's sphere of complete pre-emption extends to state law claims that are substantially dependent on analysis of a collective bargaining agreement, but it does not reach claims that only tangentially involve CBA provisions." *Alongi v. Ford Motor Co.*, 386 F.3d 716, 724 (6th Cir. 2004). Section 301 preemption applies unless the claim in question both arises under state law and does not require interpretation of the collective bargaining agreement. *Id.*

Plaintiff's claim against the Union clearly requires interpretation of the CBA and is, therefore, preempted by § 301. As Defendant asserts, Plaintiff's claim is accurately interpreted as a claim under federal law that the Union breached its duty of fair representation. *See, e.g., DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 163-65 (1983); *Martin v. Lake County Sewer*

*Co., Inc.*, 269 F.3d 673, 677 (6th Cir. 2001). As Defendant further asserts, such claims are subject to a six month statute of limitations. *See, e.g., DelCostello*, 462 U.S. at 169; *Martin,* 269 F.3d at 677.

Plaintiff's cause of action accrued when the arbitrator rejected his grievance on May 27, 2008.[1] *See Martin*, 269 F.3d at 678-79 (a claim for breach of the duty of fair representation accrues "when an employee discovers or should have discovered with exercise of due diligence, acts giving rise to the cause of action"). Plaintiff's complaint, filed almost three years after the arbitrator's decision rejecting his grievance, is untimely. Accordingly, the undersigned recommends that Defendant's motion to dismiss be granted and this action terminated.

---

[1] While the precise date on which the arbitrator rejected Plaintiff's grievance is not clear from Plaintiff's complaint, Plaintiff concedes in a subsequent pleading, (dkt. #9), that such occurred on May 27, 2008.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss, (dkt. #6), be **granted** and this action **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 30, 2011   /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge