UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIRAM LEWIS,

    Plaintiff,                                Hon. Janet T. Neff

v.                                                  Case No. 1:11 CV 499

TEAMSTERS LOCAL UNION NO. 406,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated the present action against Teamsters Local Union No. 406. The Honorable Janet T. Neff subsequently referred the matter to the undersigned for "handling of all matters under [28 U.S.C.] § 636(a) and 636(b)(1)(A) and for submission of recommendations on dispositive motions under § 636(b)(1)(B)." Plaintiff now moves for summary judgment. (Dkt. #15). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. As of May 1, 2007, Plaintiff was employed by Coca-Cola of Grand Rapids ("Coca-Cola"). Plaintiff was also a member of Teamsters Local Union No. 406 ("Teamsters" or "the Union"). There existed between Coca-Cola and the Union a Collective Bargaining Agreement (CBA), pursuant to which Coca-Cola recognized the Union "as the sole and exclusive bargaining agent for all employees of its Grand Rapids, Michigan facilities." On May 1, 2007, Plaintiff's employment was terminated by Coca-Cola. The decision by

Coca-Cola to terminate Plaintiff's employment was untimely pursuant to the terms of the CBA. Plaintiff unsuccessfully filed a grievance challenging his dismissal. Almost three years after an arbitrator rejected his grievance, Plaintiff initiated the present action against the Union alleging "breach of contract resulting in the wrongful termination of the Plaintiff."

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the

material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the*

*Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).  The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it."  *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same).  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact."  *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

On November 30, 2011, the undersigned recommended that Plaintiff's claims be dismissed for failure to state a claim on which relief may be granted.  (Dkt. #14).  As the Court concluded, despite Plaintiff's attempts to characterize his claim as one arising under Michigan law, because his claim requires interpretation of a collective bargaining agreement, such is preempted by federal law.  *See* 29 U.S.C. § 185(a); *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 7 (2003); *Alongi v. Ford Motor Co.*, 386 F.3d 716, 724 (6th Cir. 2004).  As the Court further concluded, Plaintiff's claim, properly interpreted as a claim under federal law that the Union breached its duty of fair representation, is subject to a six month statute of limitations.  *See DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 163-65, 169 (1983); *Martin v. Lake County Sewer Co., Inc.*, 269 F.3d 673, 677 (6th Cir. 2001).  Because this action was filed almost three years after Plaintiff's claim accrued, the Court concluded that Plaintiff's action was not timely filed.

Plaintiff now moves for summary judgment again asserting that his claim arises under Michigan law and is, therefore, subject to a more favorable statute of limitations. The Court has already rejected this argument for the reasons detailed in its November 30, 2011 Report and Recommendation. Plaintiff offers neither evidence nor argument calling into question its analysis on this question. Plaintiff has likewise failed to submit or reference any evidence sufficient for the Court to conclude "that no reasonable trier of fact could find other than for" Plaintiff in this matter. Thus, Plaintiff, as the party with the burden of proof at trial, has failed to carry his burden to obtain summary judgment. Accordingly, the undersigned recommends that Plaintiff's motion for summary judgment be **denied**.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Summary Judgment, (dkt. #15), be **denied**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  December 13, 2011                    /s/ Ellen S. Carmody
                                            ELLEN S. CARMODY
                                            United States Magistrate Judge