UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIRAM LEWIS,

     Plaintiff,                                      Case No. 1:11-cv-499

v                                                 HON. JANET T. NEFF

TEAMSTERS LOCAL UNION NO. 406,

     Defendant.
_____/

**OPINION AND ORDER**

       This is a labor dispute filed pursuant to Labor Management Relations Act (LMRA) § 301, 29 U.S.C. § 185, involving Defendant's alleged breach of its duty of fair representation. Defendant filed a Motion to Dismiss under FED. R. CIV. P. 12(b)(6), arguing that Plaintiff's complaint was time-barred. Plaintiff subsequently filed a Motion for Summary Judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) on each motion. The Magistrate Judge recommended that this Court grant Defendant's motion and deny Plaintiff's motion. The matter is presently before the Court on Plaintiff's separate objections to each Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Reports and Recommendations to which objections have been made. The Court denies the objections and issues this Opinion and Order.

## I.  Defendant's Motion to Dismiss

The Magistrate Judge recommended that this Court grant Defendant's Motion to Dismiss for failure to state a claim (R & R, Dkt 14 at 6).  Plaintiff objects to the Magistrate Judge's finding that his state-law breach of contract claim is preempted by LMRA § 301 (Pl. Obj., Dkt 18 at 1; R & R, Dkt 14 at 4).  Plaintiff further argues that Defendant's Motion to Dismiss for failure to state a claim under Rule 12(b)(6) should be converted into a Motion for Summary Judgment under Federal Rule of Civil Procedure 56 (Pl. Obj., Dkt 18 at 1-2).  Finally, Plaintiff argues that § 301's preemptive effect does not bar other state-law actions (*id.* at 2).

A.    *Preemption*

 LMRA § 301 grants jurisdiction to United States district courts "for violation of contracts between an employer and a labor organization . . ." 29 U.S.C. § 185(a).  Section 301 preempts state law unless a claim (1) arises under state law, and (2) does not require interpretation of the collective bargaining agreement.  *Alongi v. Ford Motor Co.*, 386 F.3d 716, 724 (6th Cir. 2004).  In his first Objection, Plaintiff repeats his argument that "relief and damages are warranted to Plaintiff due to an [sic] violation of tort or contractual obligation which is beyond the preemptive jurisdiction of the NLRB" (Pl. Obj., Dkt 18 at 1).

Plaintiff characterizes his dispute with Defendant as arising from his termination that took place more than seven days after his misconduct, timing that would constitute a violation of the collective bargaining agreement in force at the time (Compl., Dkt 1 at 2).  In reality, the dispute in this case is Defendant's alleged "breach of contract *resulting* in the wrongful termination of the Plaintiff" (*id.*) (emphasis added).  The Magistrate Judge correctly concluded that this case is

2

properly cast as a claim for violation of Defendant's duty of fair representation, resolution of which requires interpretation of the collective bargaining agreement  (R & R, Dkt 14 at 4).

Therefore, § 301 preempts any state-law breach of contract claims Plaintiff may have against Defendant and the six-month statute of limitations set forth in the National Labor Relations Act (NLRA) § 10(b) applies.  29 U.S.C. § 160(b) (2006); *see also DelCostello v Int'l Bhd. of Teamsters*, 462 U.S. 151, 163-65, 169 (1983); *Martin v. Lake County Sewer Co.*, 269 F.3d 673, 677 (6th Cir. 2001).  The Magistrate Judge was correct in finding that Plaintiff's claim is time-barred and recommending that this Court grant Defendant's Motion to Dismiss (R & R, Dkt 14 at 5).  Plaintiff's argument to the contrary is without merit, and his objection is therefore denied.

B.    *Conversion*

Second, Plaintiff argues for the first time that "Federal rule and civil procedure 12(b)(6) requires the recommendation and response, motion for dismissal, to be treated as summary judgment" (Pl. Obj., Dkt 18 at 1).  Plaintiff quotes from the portion of the Advisory Committee Notes suggesting that when a court entertains extraneous matter on a motion to dismiss, the motion should be treated as a Rule 56 motion (*id.*).  Plaintiff also states, "Considering the aforementioned . . . dismissal for failure to state an [sic] claim in which relief can be sought should then be treated as a motion for summary judgments [sic] . . ." (*id.* at 2).

Plaintiff filed a memorandum in response to Defendant's motion to dismiss (Pl. Resp., Dkt 9).  Nowhere in his response does Plaintiff raise the issue of treating the motion to dismiss as a motion for summary judgment.  Parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate."  *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).  Issues not raised in the petition to the Magistrate Judge are deemed waived.  *Id.*; *United*

*States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998).  The issue of conversion is therefore deemed waived, and Plaintiff cannot raise the issue now.  Even if the issue were not waived, the argument is without merit on its face, inasmuch as no extraneous materials appear in the record with regard to the motion to dismiss.  Plaintiff's objection is denied.

C.      *Preservation of State-Law Causes of Action*

Plaintiff's last objection to the Magistrate Judge's Report and Recommendation on Defendant's Motion to Dismiss consists of lengthy quotes from two Supreme Court cases and an Eastern District of Pennsylvania case addressing disputes between employees and unions (Pl. Obj., Dkt 18 at 2).  Plaintiff seems to be quoting the cases for the proposition that LMRA § 301 preemption does not deprive employees of other state-law causes of action (*id.*).  Even assuming that this interpretation is correct, the Court fails to see how these cases advance Plaintiff's argument that the instant case is not preempted.  The only cause of action Plaintiff's complaint articulates is "breach of contract resulting in . . . wrongful termination . . ." (Compl., Dkt. 1 at 2).  Plaintiff does not allege a tort or any other state-law civil claim against Defendant in his complaint.  This argument is without merit, and Plaintiff's objection is denied.

## II.  Plaintiff's Motion for Summary Judgment

The Magistrate Judge recommended that this Court deny Plaintiff's motion for summary judgment (R & R, Dkt 21 at 5).  In his Objection, Plaintiff (1) reiterates his belief that LMRA § 301 does not preempt his breach of contract claim (Pl. Obj., Dkt 23 at 2); (2) asserts that his first objection satisfies the evidentiary requirements of his own motion for summary judgment (*id.*); (3) argues that the Magistrate Judge is without authority to issue Reports and Recommendations for the

motions at issue here (*id.* at 3-4); and (4) argues that a "denial of the right to appeal violates United States Code: Title 28a, Rule 3" (*id.*).

A.      *Preemption*

Plaintiff again objects to his claim being time-barred as a result of the shorter limitations period imposed by NLRA § 10(b) (Pl. Obj., Dkt 23 at 2).  As explained *supra*, there is no question that Plaintiff's "breach of contract" claim is correctly cast as a breach of the duty of fair representation.  As such, Plaintiff's claim is preempted by LMRA § 301 and subject to the statute of limitations imposed by NLRA § 10(b).  *See DelCostello*, 462 U.S. at 163-65, 169; *Martin*, 269 F.3d at 677.  Plaintiff's argument is without merit, and his objection is denied.

B.      *Summary Judgment Standard*

Plaintiff next argues that the Magistrate Judge erred in recommending his motion for summary judgment be denied.  According to Plaintiff, "Docket # 19 Objection provides sufficient evidence and adequate references to support a ruling in favor of Plaintiff's for summary judgment [sic]" (Pl. Obj., Dkt 23 at 2).  To the contrary, Plaintiff, who carries the burden of proof, has proffered no evidence in support of his motion, as the Magistrate Judge correctly noted he is required to do under Federal Rule of Civil Procedure 56 (R & R, Dkt 21 at 3-4).

Even if Plaintiff had produced evidence in support of his claim, his argument is without merit.  As noted *supra*, and in the Report and Recommendation (*id.* at 4), Plaintiff is time-barred from bringing this claim in the first instance.  Therefore, in addition to his failure to meet his burden in showing he deserves summary judgment, Plaintiff is not entitled to any judgment because he has failed to state a claim upon which relief can be granted.  Plaintiff's argument is without merit, and his objection is denied.

C.      *Validity of Reports and Recommendations*

In what he styles a "Masters Order," Plaintiff states that "it is ordered that further reports and recommendations are prohibited" (Pl. Obj., Dkt 23 at 4).  Plaintiff's objection stems from his incomplete reading of 28 U.S.C. § 636.  Plaintiff quotes the language of § 636(b)(1)(A) that restrains a magistrate judge from deciding a dispositive pretrial motion, but he ignores § 636(b)(1)(B), which authorizes a magistrate judge to hear arguments on a dispositive motion and issue a Report and Recommendation to the district court (Pl. Obj., Dkt 23 at 3-4).  Plaintiff's argument is without merit, and his objection is denied.

D.      *Appeal in Good Faith*

Finally, Plaintiff objects to the Magistrate Judge's recommendation for this Court to indicate that an appeal would not be taken in good faith (Pl. Obj., Dkt 23 at 3-4; R & R, Dkt 23 at 5).  Plaintiff elaborates, stating "denial of the right to appeal violates United States Code: Title 28a, Rule 3" (Pl. Obj., Dkt 3-4).  28 U.S.C. § 1915(a)(3) provides this Court with discretion to certify that an appeal will not be taken in good faith when a party is proceeding *in forma pauperis*.  Plaintiff's argument is without merit, and his objection is denied.

### III.  Conclusion

For the foregoing reasons, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  A Judgment will be entered consistent with this Opinion and Order.  *See* Fed. R. Civ. P. 58.  Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkts 18, 23) are DENIED and that each

Report and Recommendation (Dkts 14, 21) is APPROVED and ADOPTED as the Opinion of the

Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Dkt 6) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt 15) is

DENIED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that

an appeal of the Judgment would not be taken in good faith.


Dated: February 9, 2012                             /s/ Janet T. Neff
                                                    JANET T. NEFF
                                                    United States District Judge

7